```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------
JEAN-GESPERE PIERRE,

                           Plaintiff,

                v.

UNITED STATES POSTAL SERVICE, C/O SCOTT
R. SLUSHER, DANIELA FERNANDEZ, ERIC
DANG, and SENATOR CHARLES SCHUMER'S
OFFICE,

                           Defendants.
---------------------------------------------------------------
```
NOT FOR PUBLICATION

**MEMORANDUM & ORDER**
18-CV-7474 (MKB)

MARGO K. BRODIE, United States District Judge:

Plaintiff Jean-Gespere Pierre, proceeding *pro se*, commenced the above-captioned action against Defendants United States Postal Service ("USPS"), Scott R. Slusher, a United States Postal Service Government Liaison (the "USPS Defendants"), Daniela Fernandez and Eric Dang, employees of United States Senator Charles Schumer, and the Office of Senator Schumer (the "Schumer Defendants"), alleging that the USPS Defendants mishandled certain mail to be delivered to him and the Schumer Defendants failed to properly investigate his complaints about the undelivered mail.[1] (Compl., Docket Entry No. 2.) The Court grants Plaintiff's request to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915 for the purpose of this Memorandum and Order. For the reasons set forth below, the Court dismisses the Complaint.

---

[1] Plaintiff filed suit in the United States District Court for the Southern District of New York. By Order dated January 8, 2019, the case was transferred to the Eastern District of New York. (Transfer Order, Docket Entry No. 3.)

I.  **Background**

The Complaint consists of hand-written entries on a form complaint. Although unclear, Plaintiff appears to assert that the law firm, Littler Mendelson PC (the "law firm"), which previously represented Plaintiff's former employer, Airserv Security, has somehow affected Plaintiff's ability to receive mail from the post office located at the intersection of Broadway and Gates Avenue in Brooklyn, New York, where Plaintiff is a customer. (Compl. 5.) In support of this assertion, Plaintiff contends that "while [he] received almost everyday mailings from [his] job," after he provided details about his address to the law firm, "suddenly," he "missed mail and important documents" relating to a lawsuit against his former employer, seeking damages of $6 million. (*Id.*) Plaintiff also alleges that the "Supreme Court [in] Washington sent to [him] documents," and "all are disappeared." (*Id.*)

As a result of the missing mail, Plaintiff "immediately called authorities concerned" and "submitted [his] report" to the Office of Senator Charles Schumer. (*Id*. at 6.) He contends that Fernandez, as an investigator of Senator Schumer, and Dang, an employee in Senator Schumer's office, promised Plaintiff that they would contact him for a meeting and interview. (*Id.*) Plaintiff never received a call and although he "tried every day, [he could not] reach nobody in the office" of Senator Schumer. (*Id.*) Plaintiff also alleges that these individuals "are suspected as conspirators, accomplices, and also cowards." (*Id.*) Plaintiff asserts that he has suffered disturbance and emotional distress, and requests "a fair balance" and "compensation" for the six years of litigating against his former employer. (*Id.*)

In an unidentified document dated May 16, 2017 and signed by Plaintiff,[2] he asserts that he believes that he has "been the victim of an illegal mail-fraud on the date of April 24, 2017, because [he has] received only one letter from the District Court E.D.N.Y. on that date case Docket No. 04627 but not [the Court's] letter of memorandum and the package." (*Id.* at 8.) Plaintiff has tried to locate the mail he believes should have been received from the Court in connection with another matter, and believes that his mail was stolen by employees of the law firm "because they are my enemies as attorneys of my former job." (*Id.* at 16.).

In identifying the Court's subject-matter jurisdiction, Plaintiff checked the box for "Federal Question," but did not identify the federal question. (*Id.*)

## II. Discussion

### a. Standard of review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers."

---

[2] Plaintiff attaches multiple documents to the Complaint, including copies of a complaint against the law firm and others, electronic mail correspondence between Plaintiff and Senator Schumer's office, and December 8 and 13, 2017 letters to Senator Schumer from Slusher on behalf of the USPS, responding to Senator Schumer's correspondence to the USPS on behalf of Plaintiff. (Compl. 9–19, 22–26.) Because the attachments are not labeled or consecutively paginated, the Court refers to the page numbers assigned by the Electronic Case Filing System ("ECF").

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally"). Nevertheless, the court is required to dismiss *sua sponte* an *in forma pauperis* action if the court determines that it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). In addition, if the court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.À.R.L.*, 790 F.3d 411, 416–17 (2d Cir. 2015) (holding that a district court may dismiss an action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) when the court "lacks the statutory or constitutional power to adjudicate it." (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000))).

      **b.   Plaintiff's claim against the United States Postal Service is barred by sovereign immunity**

The Court construes Plaintiff's claim against the USPS for non-delivery of mail as a common law tort claim, and, as a result, one which must be dismissed under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b). S*ee Przespo v. U.S. Post Office*, 177 F. Supp. 3d 793, 796 (W.D.N.Y. 2016) (construing a claim for "gross mishandling" of a fragile package as sounding in tort); *Brown v. eBay*, No. 14-CV-2803, 2014 WL 7342898, at *2 (E.D.N.Y. Dec. 23, 2014) (construing a cause of action against USPS for failure to deliver a package as a tort claim); *Kuhner v. Montauk Post Office*, No. 12-CV-2318, 2013 WL 1343653, at *2 (E.D.N.Y. Apr. 4, 2013) (construing a claim against USPS for mistakenly delivering a package addressed to the plaintiff to another individual as one brought under the FTCA).

Under the Postal Reorganization Act, 39 U.S.C. § 101 *et seq.*, the USPS is "an independent establishment of the executive branch of the Government of the United States." 39 U.S.C. § 201. Accordingly, the USPS, like the United States, is generally immune from suit. *United States v. Bormes*, 568 U.S. 6, 9–10 (2012) ("Sovereign immunity shields the United States from suit absent a consent to be sued that is 'unequivocally expressed.'" (quoting *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33–34 (1992))); *see also Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 484 (2006) (stating that "the Postal Service enjoys federal sovereign immunity absent a waiver"). The FTCA "waive[s] the United States' sovereign immunity for claims arising out of torts committed by federal employees." *Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 217–18 (2008). However, Congress created certain exceptions to its waiver of sovereign immunity, including the "postal matter exception," which explicitly retains sovereign immunity with regard to "any claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b); *see also Dolan*, 546 U.S. at 485.

Because the sole basis for Plaintiff's claim relates to an undelivered mail package, "[t]his claim clearly falls within the 'postal matter exception' to the waiver of sovereign immunity." *See Dolan*, 546 U.S. at 489 (noting that Congress intended to retain immunity "for injuries arising, directly or consequentially, because mail either fails to arrive at all or arrives late, in damaged condition, or at the wrong address"). Therefore, Plaintiff's tort claim against USPS is barred by sovereign immunity. 28 U.S.C. § 2680(b); *Gildor v. U.S. Postal Serv.*, 179 F. App'x 756, 758–59 (2d Cir. 2006) (dismissing tort claims alleging negligence by USPS in "mis-delivering" a package); *Brown*, 2014 WL 7342898, at *2 (dismissing a claim sounding in tort against USPS for failure to deliver a package because the suit was barred by sovereign immunity); *Blanc v. U.S. Postal Serv.*, No. 14-CV-1404, 2014 WL 931220, at *2 (E.D.N.Y. Mar. 10, 2014) (finding that the court lacked subject matter jurisdiction over the plaintiff's claim

against the USPS for "negligently damag[ing] the contents of his Domestic Mail parcel" because "his claim falls squarely in the postal matter exception"); *Azeez v. United States*, No. 10-CV-3591, 2010 WL 3310699, at *1 (E.D.N.Y. Aug. 19, 2010) (dismissing a claim for lack of subject matter jurisdiction against USPS for loss of a laptop computer and printer); *Lam v. U.S. Postal Serv.*, No. 06-CV-0268, 2006 WL 2729199, at *3 (E.D.N.Y. Sept. 25, 2006) ("[C]ourts have dismissed FTCA claims that conflict with the postal matters exception, even where the postal matter at issue was registered or insured." (citation omitted)).

Accordingly, Plaintiff's claims against the United States Postal Office are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

### c. Schumer defendants

Plaintiff alleges that Fernandez and Dang promised to help him in his quest to find lost mail, but never called him.³ (Compl. 6.) He also alleges that the law firm committed mail fraud and mail theft, and that Fernandez and Dang are "[c]onspirators, accomplices, and also cowards." (*Id.* at 6, 16.)

The Court has no jurisdiction to adjudicate Plaintiff's mail fraud/theft claim as the mail theft statutes do not create a private cause of action. Section 1708 of Title 18 of the United States Code criminalizes the stealing and tampering of mail, *see* 18 U.S.C. § 1708, and section 1341 criminalizes mail fraud, *see* 18 U.S.C. § 1341. These statutes are criminal statutes with no "explicit evidence of Congressional intent" to create a private cause of action. *See Cenzon-DeCarlo v. Mount Sinai Hosp.*, 626 F.3d 695, 697 (2d Cir. 2010) ("Federal courts have inferred private rights of action, but only when there is explicit evidence of Congressional intent."); *see also Zito v. NYC Office of Payroll Admin*, No. 11-CV-2779, 2011 WL 5420054, at *3 (S.D.N.Y.

---

³ Although Plaintiff names Senator Schumer's Office as a Defendant, he does not make any allegations against the Office.

Nov. 9, 2011) ("A private right of action will not be implied without 'explicit evidence of Congressional intent.'" (quoting *Cenzon-DeCarlo*, 626 F.3d at 697)).

Because there is no private right of action under the statutes for mail fraud, 18 U.S.C. § 1341, and theft and obstruction of the mails, 18 U.S.C. § 1701 *et seq.*, Plaintiff, as a private citizen, cannot enforce these federal criminal laws. *See Kashelkar v. Bluestone,* 306 F. App'x 690, 692 (2d Cir. 2009) (finding no private right of action for mail fraud); *Pharr v. Evergreen Garden, Inc.*, 123 F. App'x 420, 422 (2d Cir. 2005) ("The law in this circuit is clear that [18 U.S.C. § 1341] does not support any private right of action."); *Silva v. Neumel*, 152 F.3d 920 (2d Cir. 1998) (same); *Woods v. McGuire*, 954 F.2d 388, 391 (6th Cir. 1992) ("[F]ederal courts uniformly have held that there is no private right of action under [18 U.S.C. § 1703]."); *McFarlane v. Roberta*, 891 F. Supp. 2d 275, 285 (D. Conn. 2012) (finding no private cause of action for mail theft under 18 U.S.C. § 1708 because it is a criminal statute and there is no indication that Congress intended to create a private right of action under the statute); *Bologna v. Allstate Ins. Co.*, 138 F. Supp. 2d 310, 322 (E.D.N.Y. 2001) (finding no private right of action exists for mail fraud).

Accordingly, to the extent Plaintiff asserts these claims against the Schumer Defendants, the Court dismisses these claims.

### d. Warning against filing of frivolous claims

Plaintiff fails to plausibly assert any claim for relief in the Complaint and this is the sixth lawsuit Plaintiff has filed related to his employment.[4] All of Plaintiff's lawsuits have been

---

[4] *See Pierre v. Airserv Sec.*, No. 14-CV-5915, 2016 WL 5136256 (E.D.N.Y. Sept. 21, 2016) (dismissing action); *Pierre v. FJC Sec. Servs, Inc.*, No. 15-CV-4627, 2017 WL 4162304 (E.D.N.Y. Sept. 19, 2017) (granting summary judgment), *aff'd*, 723 F. App'x 70 (2d Cir. 2018), *cert. denied*, No. 18-6101, 2018 WL 4636546 (Dec. 3, 2018); *Pierre v. Human Rights Division*, No. 15-CV-4881 (E.D.N.Y. Apr. 8, 2016), *appeal dismissed*, No. 16-1234 (2d Cir. Oct. 11,

dismissed.

Frequent frivolous filings work to diminish the ability of the courts to manage their dockets for the efficient administration of justice. "The district courts have the power and the obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) (citations and internal quotation marks omitted).

Plaintiff is warned that the future filing of vexatious and frivolous litigation may result in sanctions, including the imposition of an injunction prohibiting him from making future filings seeking IFP status without leave of the Court. *See In re Sassower*, 20 F.3d 42, 44 (2d Cir. 1994) ("With respect to civil litigation, courts have recognized that the normal opportunity to initiate lawsuits may be limited once a litigant has demonstrated a clear pattern of abusing the litigation process by filing vexatious and frivolous complaints."); *see also Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005) ("If a litigant has a history of filing vexatious, harassing or duplicative lawsuits, courts may impose sanctions, including restrictions on future access to the judicial system." (internal quotations and citations omitted)); *Amaker v. Haponik*, 125 F. App'x 375, 376 (2d Cir. 2005) (warning plaintiff that "filing of frivolous appeals . . . may result in the imposition of leave-to-file sanctions," because "[s]uch a measure is appropriately applied to those litigants who have a 'clear pattern of abusing the litigation process by filing vexatious and frivolous complaints'" (quoting *In re Sassower*, 20 F.3d at 44)); *In re Knows*, No. 12-CV-1908,

---

2016); *Pierre v. Law Firm Littler Mendelson, P.C.*, No. 16-CV-04364, 2016 WL 6426373, at *2 (E.D.N.Y. Oct. 28, 2016) (dismissing constitutional claims for failure to state a claim), 2017 WL 8776970 (E.D.N.Y. Apr. 10, 2017) (dismissing remaining claims), *reconsideration denied*, 2017 WL 8776972 (E.D.N.Y. Oct. 5, 2017); *Pierre v. Ingber Law Firm , PLLC*, No. 16-CV-5974, 2017 WL 384322 (E.D.N.Y. Jan. 25, 2017) (dismissing for failure to state a claim).

2012 WL 2923317, at *2 (E.D.N.Y. July 18, 2012) (putting plaintiff "on notice that any future filing of vexatious or frivolous complaints with the court may lead the court to impose an injunction prohibiting her from filing a complaint without the court's prior authorization" (citing *In re Sassower*, 20 F.3d at 44)).

### III. Conclusion

For the reasons set forth above, the Court dismisses the Complaint for lack of subject matter jurisdiction. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Dated: February 15, 2019
      Brooklyn, New York

SO ORDERED:

_____s/ MKB_____
MARGO K. BRODIE
United States District Judge